

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN                    AUSTIN 11, TEXAS
~~JOHNXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Clifford S. Roe
County Attorney
Panola County
Carthage, Texas

Dear Sir:

> Opinion Number O-4078
> Re:  Use of certain funds
>      derived from road bonds
>      where specific use had
>      been designated in the
>      election.

We have your letter of September 26, setting out certain facts and propounding a question for our opinion thereon.

After studying the facts outlined in your letter we reach the conclusion that an election was held at which County-wide road bonds were voted, and that the election proceedings specifically designated the purposes for which the proceeds thereof should be used, among which specified purposes we find that certain moneys were earmarked for use in the construction of a road from the town of Clayton to the town of Longbranch, both of which are located in Panola County. A certain portion of the funds were used in accordance with that designation and that there is now a balance on hand which is proposed to be used in the construction of a road running from the town of Clayton and connecting with the Pinehill road which is a point about one mile from the town of Longbranch.  Your question is:

> "Can the above funds be used on the Clayton-Pinehill-Longbranch route or do they have to be used on the Clayton-Longbranch route where few or no people live?"

The purposes for which the proceeds of the bonds were to be used being a part of the election proceedings would require that the funds derived from said bonds be used only in accordance therewith.  In the case of Moore v. Coffman, 200 S. W. 374, the general rule is land down

by the Supreme Court and is substantially that if the purpose for issuing bonds is specifically stated in the petition, order and notice of election, the voters have the right to rely on such statement and the use of such bond funds otherwise would be prohibited by law.  Such a statement becomes a part of an implied contract entered into between the voters and the authorities entrusted with the expenditure of such funds.

It is, therefore, our opinion that that portion of the funds earmarked for use in the construction of a road from Clayton to Longbranch cannot legally be used in the construction of a road beginning at Clayton and terminating at any place other than Longbranch.  We believe this to be true without regard to the population of the district through which said road is to run.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   /s/ Clarence E. Crowe
          Clarence E. Crowe
                    Assistant

APPROVED OCT 15, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

CEC-s:mjs

APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN